**Glenn VERSER, Plaintiff–Appellant,**

v.

**Willard ELYEA et al., Defendants–Appellees.**

**No. 02–2520.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 5, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Glenn Verser, pro se, Canton, IL, for Plaintiff–Appellant.

Brett E. Legner, Office of the Attorney General, Robert P. Vogt, Weldon–Linne & Vogt, Chicago, IL, for Defendants–Appellees.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Illinois inmate Glenn Verser brought this suit under 42 U.S.C. § 1983 claiming that Stateville Correctional Center employees deliberately failed to treat his knee and back injuries in violation of the Eighth Amendment. The district court granted summary judgment for the defendants, and Verser appeals. We affirm.

Verser, now 37 years old, is serving a 60–year sentence for murder, attempted murder, and armed robbery. Prior to arriving at Stateville, he injured his right knee playing basketball at another prison, and after he continued to complain of knee pain at Stateville, an orthopedic specialist eventually diagnosed him with a form of arthritis. From the time of his initial complaint of knee pain until he filed suit twelve months later, Verser was evaluated or treated by an orthopedic specialist four times, by a staff physician three times, by a medical technician three times, and by a

physical therapist thirty-five times. He also saw a physician on the one occasion he complained of back pain after being hit by a cell door and later saw a medical technician two times for back pain. Even after filing suit, Verser continued to receive an abundance of treatment including physical therapy and visits with doctors, medical technicians, and an orthopedic specialist. By his own admission, Verser was able to walk normally, navigate stairs, run, jump, and play handball. His only manifestation of injury, he admits, was occasional pain when maneuvering stairs and running and jumping.

We review a grant of summary judgment de novo. *Boyce v. Moore,* 314 F.3d 884, 888 (7th Cir.2002). Prison officials have a duty to provide inmates with adequate medical care, *see Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Walker v. Benjamin,* 293 F.3d 1030, 1036–37 (7th Cir.2002), but shortcomings in care rise to the level of a constitutional violation only if the prisoner's medical condition was objectively serious, and prison officials knew of a substantial risk of harm but disregarded it, *see Boyce,* 314 F.3d at 889–89; *Walker,* 293 F.3d at 1037. A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997). Serious conditions include those that significantly impair daily activities, cause "chronic and substantial pain," or might cause further significant injury if left untreated. *Id.*

■ Verser argues that his knee and back injuries constituted serious medical conditions because he experienced pain when running, jumping, and taking the stairs. But it appears from the record that Verser's back pain ended soon after the injury that precipitated it, and he does not dispute that an orthopedic specialist attributed his knee pain to chondromalatia patallae, a form of arthritis, and opined that further treatment would not provide Verser any relief. Although at times he experienced pain, Verser presented no evidence that his daily activities were affected apart from walking up and down stairs, and he admitted that he still played handball. *See Estelle,* 429 U.S. at 105–106. In addition, Verser presented no evidence that his condition, even if left untreated, would pose a serious risk to his health. *See Gutierrez,* 111 F.3d at 1373.

But assuming that Verser's condition satisfied the objective component of *Estelle,* his contention that prison officials were indifferent to his medical needs is frivolous. Here, the record demonstrates that Verser received comprehensive treatment over a period of twelve months. Verser saw a doctor or medical technician ten times and participated in at least thirty-five physical therapy sessions in connection with his knee, and he saw a doctor or medical technician three times for his back complaints. Mere disagreement with a doctor's course of treatment does not constitute deliberate indifference unless the treatment is blatantly inappropriate and seriously aggravates the prisoner's condition. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996). The summary judgment evidence points to the single conclusion that Verser's needs were not disregarded, and so the grant of summary judgment to the defendants was appropriate.

■ Still, Verser argues that the outcome might have been different had the district court allowed him more time to depose the defendant orthopedist, Dr. Smith, who insisted that further therapy would not be beneficial. Verser had already obtained two extensions of time for

discovery and had been told that no more would be allowed. When he moved for a third extension, it was denied.

We review denials of motions for more time to conduct discovery only for abuse of discretion. *See United States v. Moore,* 115 F.3d 1348, 1359 (7th Cir.1997). Federal Rule of Civil Procedure 56(f) authorizes courts to deny summary judgment or withhold ruling on the motion pending further discovery if the nonmoving party submits an affidavit demonstrating that more evidence is needed to oppose the motion. Fed.R.Civ.P. 56(f); *Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir.2000). Verser, represented by counsel throughout the district court proceedings, did say he needed more time so he could depose the orthopedist, but he did not submit an affidavit outlining the expected testimony as contemplated by Rule 56(f). This alone justifies the district court's ruling, but in any event we would not find reversible error because Verser gives no indication that the deposition would have generated any evidence of a disputed issue of material fact. *See Woods,* 234 F.3d at 990–91.

■ Verser also argues that the district court erred by allowing the defendants to rely on unsigned statements as part of their summary judgment evidence. But a refusal to strike or disregard portions of an affidavit in a motion for summary judgment is reviewed for an abuse of discretion, *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.,* 328 F.3d 309, 318 (7th Cir.2003); *Adusumilli v. City of Chicago,* 164 F.3d 353, 359 (7th Cir.1998), and as the defendants observe, Verser admitted to the relevant portions of the unsigned statements in his response to their statement of material facts. Verser's admissions cure any deficiencies in the defendants' presentation, and so there was no error. *See* Fed. R. Civ. Proc. 56(c); *Scott v. Edinburg,* 346 F.3d 752, 2003 WL 22309242, at *2 (7th Cir.2003) (holding that admissions may be considered in the context of summary judgment).

AFFIRMED.